**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES REX ACKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 3-04CV-1327R ECF** |
| | § | |
| **DEBOER, INC. a/k/a DEBOER TRUCK LINES,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

---

**APPENDIX IN SUPPORT OF DEBOER, INC.'S BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS**

---

Defendant deBoer, Inc., a/k/a deBoer Truck Lines hereby submits the following Appendix pursuant to Rule 7.1(i) of the Local Rules for the Northern District of Texas. The attached evidence is submitted in support of Defendant's Brief in Support of Partial Motion to Dismiss filed simultaneously herewith.

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:____________________
Michael L. Dinnin
State Bar No. 05888100
Debra K. Thomas
State Bar No. 24003046
Morgan D. Meyer
State Bar No. 24013161

500 North Akard Street, Suite 4000
Dallas, Texas 75201-3387
Telephone: (214) 758-1000
Facsimile: (214) 758-1010

ATTORNEYS FOR DEFENDANT,
deBOER, INC. a/k/a deBOER TRUCK LINES

**CERTIFICATE OF SERVICE**

I certify that on May 17, 2006, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to Plaintiff's counsel, Brett L. Myers, Esq., David, Goodman & Madole, Two Lincoln Centre, 5420 LBJ Freeway, Suite 1200, Dallas, Texas 75240, who has consented in writing to accept this Notice as service of this document by electronic means.

____________________
Morgan D. Meyer

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 17 2004
CLERK, U.S. DISTRICT COURT
By
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Charles Rex Acker | § | |
| | § | |
| v. | § | CIV. ACT. NO. |
| | § | |
| deBoer, Inc. a/k/a deBoer Truck Lines | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 16 2004
CLERK, U.S. DISTRICT COURT
By
Deputy

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Charles Rex Acker complains of Defendant deBoer, Inc.

3-04CV-1327R

I.

PARTIES

1. Plaintiff is an individual residing in this district and division. At all times relevant to the claims asserted herein, Plaintiff was an individual over age 40.

2. Defendant deBoer, Inc. is an employer as that term is defined by the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*, ("ADEA"). deBoer oerates an interstate trucking business with a place of business in this district and division. It may be served by delivering summons and a copy of this complaint to its president, vice president, or registered agent at its principle place of business, Box 145, Blenker, WI 54415.

II.

JURISDICTION

3. Plaintiff contends he was discriminated against on the basis of his age in violation of the ADEA. This action arises under the anti discrimination provisions of the ADEA and Tex. Lab. Code §21.001 et seq. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

4. Plaintiff has completed all administrative prerequisites to filing a claim under ADEA, including filing a charge of discrimination with the Equal Employment Opportunity Commission (Charge No. 310 A2 01123) within 300 days of the discriminatory conduct complained of, and with the Texas Commission on Human Rights within 180 days of the discriminatory conduct. Plaintiff has filed this lawsuit within 90 days of receiving a right to sue letter from the EEOC.

## III.

## STATEMENT OF FACTS

5. Mr. Acker began working for deBoer in 2000 as Regional Sales Manager. He worked out of his house in Mesquite, Texas. He was hired and supervised by Mike O'Neal. Mr. O'Neal left the company in September 2002.

6. During the time he supervised Mr. Acker, Mr. O'Neal was pressured by company management to replace Mr. Acker with someone younger and more aggressive. Mr. O'Neal was asked on more than one occasion by deBoer management about when Mr. Acker intended to retire and what Mr. Acker's retirement plans were. During the time Mr. O'Neal supervised Mr. Acker, Mr. O'Neal thought Mr. Acker's job performance was excellent.

7. In December 2002, Mr. Acker was told by company president Ron deBoer that Mr. Acker was being discharged.

8. After he was discharged, Mr. Acker's duties and responsibilities were assigned to younger, lower paid employees at the company.

## IV.

## CLAIMS FOR RELIEF

**A. Discrimination on the basis of age, 29 U.S.C. 621 *et seq*. and Tex. Lab. Code §21.001 *et seq*.**

9. At the time he was discharged, Plaintiff was 65 years old.

10. Plaintiff was qualified for the position he held for Defendant.

11. Plaintiff suffered adverse employment actions in that he was discharged.

12. Defendant's decision was motivated by Plaintiff's age. On several occasions, Defendant questioned Plaintiffs ability to perform the functions of the job because of Plaintiff's age, and questioned when Plaintiff intended to retire. After he was discharged, Plaintiff's duties and responsibilities were assigned to a younger employee.

13. Plaintiff demands judgment for backpay, front pay, and for any other equitable relief to which he is entitled.

14. As a result of Defendant's discriminatory conduct, Plaintiff suffered severe emotional distress, humiliation, embarrassment, and anxiety, which substantially disrupted Plaintiff's daily routines. Plaintiff demands judgment for compensatory damages.

15. Defendant acted intentionally and with reckless disregard for Plaintiff's federally protected rights by discharging him on the basis of his age when Defendant knew its conduct was prohibited by ADEA and TCHRA. Plaintiff demands punitive damages to punish Defendant for its illegal conduct.

**B. Attorneys Fees**

16. To protect and enforce his federally protected rights, Plaintiff engaged the services of an attorney. The services performed to date were necessary and the services performed through the trial of this matter will be necessary to protect and enforce Plaintiff's federally protected rights.

17. Upon prevailing in this case, Plaintiff demands judgment for attorneys' fees as part of the costs of this case.

**V.**

**JURY DEMAND**

18. Plaintiff demands a jury trial in this case.

**VI.**

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests the Court to set this case for trial, and upon the conclusion of the trial, grant him judgment against Defendant for the relief requested in this Original Complaint, and any other relief to which he may be entitled.

Respectfully Submitted,

Brett A. Myers
State Bar No. 00788101

5420 LBJ Freeway, Suite 1200
Dallas, TX 75240
972/991-0889
972/404-0516

ATTORNEY FOR PLAINTIFF

DAVID, GOODMAN & MADOLE
ATTORNEYS AND COUNSELORS

FILE COPY

February 13, 2003

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Texas Commission on Human Rights
P.O. Box 130069
Austin, Texas 78711

Equal Employment Opportunity Commission
211 South Houston, Third Floor
Dallas, Texas 75202

Re: Charles Rex Acker

TO WHOM IT MAY CONCERN:

We have been retained by Charles Rex Acker to represent him in the administrative processing of a charge of age discrimination under the Texas Commission on Human Rights Act, Tex. Lab. Code §21.001 *et seq*. and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq*. Because of the confusing nature of the load sharing responsibilities of the TCHR and the Equal Employment Opportunity Commission, I am transmitting this information to TCHRA in Austin, Texas. I have also requested Mr. Acker to personally deliver this information to the EEOC at its Dallas office, 211 South Houston Street, Third Floor, Dallas, Texas 75202.

Please send all correspondence regarding Mr. Acker's charge to me. In connection therewith, I have enclosed TCHR's Intake Questionnaire signed by Mr. Acker. I also would like to submit the following information to assist the Commission's prompt completion of the charge investigation.

A. INFORMATION ON CLAIMANT AND RESPONDENT:

1. Name of Complainant: Charles Rex Acker
2200 Anders
Mesquite, Texas 75150
972-279-1327 (h)
214-325-1267 (c)

Social Security No. 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

Age/Date of Birth 65/July 9, 1937

Adam H. Alexander
Christopher I. Clark
Clinton J. David
Mark A. Goodman
Barry L. Hardin
Heather Hitt
Kyle W. Johnson
Kelly Cash Lee
John-Paul Lunn
Daniel J. Madden
Bret A. Madole
Brett L. Myers
Kristi C. Myers
Deborah L. Schwartz
Eric L. Scott
Gregory S. Weiss

Two Lincoln Centre
5420 LBJ Freeway
Suite 1200
Dallas, Texas 75240

PH: (972) 991-0889
FX: (972) 404-0516

2. Name of Respondent: deBoer Inc.
Attn: Human Resources
Box 145
Blenker, WI 54415
800-333-1016

Number of employees: 500+

Claimant's position: Regional Sales Manager

Date of Hire: March 2000

3. Basis of Charge: Age discrimination.

4. Adverse Action: Discharged, December 6, 2002

5. Charge Particulars: Mr. Acker began working for deBoer in 2000 as Regional Sales Manager. He worked out of his house in Mesquite, Texas. He was hired and supervised by Mike O'Neal, 214-325-6674, until Mr. O'Neal left the company in September 2002.

Mr. O'Neal will testify that he was pressured by company management to replace Mr. Acker with someone younger and more aggressive. Mr. O'Neal will also testify that he was asked on more than one occasion by management when Mr. Acker intended to retire and what Mr. Acker's retirement plans were. Mr. O'Neal will testify that Mr. Acker's job performance was excellent during the year and a half to two year period that Mr. O'Neal supervised Mr. Acker.

In December 2002, Mr. Acker was told by company president Ron deBoer that Mr. Acker was being discharged. Mr. deBoer told Mr. Acker that he was being discharged because Mr. deBoer's attorneys told him it was in the company's interest to discharge Mr. Acker based on Mr. Acker's alleged involvement with Mr. O'Neal after Mr. O'Neal left the company to work for another logistics firm. deBoer had recently filed suit against Mr. O'Neil's

new employer, alleging that Mr. O'Neal had violated certain contractual provisions relating to noncompetition and non disclosure by going to work for his new employer. Mr. deBoer told Mr. Acker that he believed that Mr. Acker was acting in conspiracy with Mr. O'Neal. Mr. Acker denied any wrongdoing or any disloyalty to deBoer.

After he was discharged, Mr. Acker's duties and responsibilities were assigned to younger, lower paid employees at the company.

I believe that Mr. Acker was terminated because of his age based on the statements and pressure by management to Mr. Acker's former supervisor to replace him with a younger, more aggressive employee. I would like to pursue Mr. Acker's claims in state court. To that end, I am requesting that TCHR or the EEOC immediately process this information into a charge and begin the investigation. If neither agency has the time or the resources to adequately investigate the charge, I request that TCHRA immediately issue to Mr. Acker his Notice of Rights letter so that he may initiate a lawsuit to address his complaints.

If you have any questions, do not hesitate to contact me immediately.

Sincerely,

DAVID, GOODMAN & MADOLE
a Professional Corporation

Brett E. Myers

BLM/kls

Enclosure

cc: Charles Rex Acker
2200 Anders
Mesquite, Texas 75150

DATE RECEIVED BY TCHR ______________

## INTAKE QUESTIONNAIRE

**PLEASE COMPLETE THE REQUESTED INFORMATION.** If returning by mail: Texas Commission on Human Rights, P.O. Box 13006, Austin, TX 78711.

**NOTE: FAILURE TO PROVIDE COMPLETE INFORMATION MAY RESULT IN DELAYED PROCESSING OF YOUR COMPLAINT.**

**COMPLAINANT:**

Name: Charles Rex Acker

Address: 2200 Anders

City: Mesquite Zip: 75150

Home Phone#: 972-279-1327

Work Phone#: ______

SSN#: 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

**EMERGENCY CONTACT:**

Name: Brett Myers

Address: 5420 LBJ, STE.1200

City: Dallas Zip: 75240

Phone#: 972-991-0889

**EMPLOYER:**

Company Name: deBoer, Inc.

Street address where you actually worked: I worked out of my home

City: Mesquite Zip: 75150

Phone#: ______ County: ______

Number of Employees: 500+

**COMPANY PERSONNEL DIRECTOR/OFFICER:**

Name: Ron de Boer

Title: President

Phone# (if different): 800-333-1016

**DATE YOU WERE HIRED BY THE COMPANY/AGENCY:** 3/2000
**LAST POSITION TITLE YOU HELD:** Regional Sales Manager
**DATE OF THE LAST INCIDENT OF DISCRIMINATION:** 12/6/2002

I. **The discrimination you suffered was because of your:** [Circle ONLY the basis you are filing under. (Example: Race Black or White Sex female or male Age 47 years (Date of Birth 10/30/52) Disability back impairment)

Race ______ Color ______ National Origin ______ Sex ______
Religion ______ Disability ______ (Age) (Date of Birth) 65, 7/9/37

II. **Check ONLY the type of personnel action taken against you by your employer:**

| | | |
|---|---|---|
| ___ Demotion (D1) | ✓ Discharge (D2) | ___ Layoff (L1) |
| ___ Maternity (M1) | ___ Wages (W1) | ___ Sexual Harassment (S4) |
| ___ Discipline (D3) | ___ Promotion (P3) | ___ Terms&Conditions (T2) |
| ___ Training (T4) | ___ Suspension (S5) | ___ Hiring (H2) |
| ___ Harassment (H1) | ___ Retaliation (R6 | ___ Other (01) |

**INTAKE QUESTIONNAIRE**
Page Two

**III. Please answers the following questions briefly (If you need more space, please use reverse side of form).**

**A. Provide the date of each and every action, the full name and position title of each person involved, and the action taken against you.**

**Allegation #1:** Date:________ Action: Discharge

Explanation: I was notified by company president Ron deBoer that I was being discharged.

**Allegation #2:** Date:________ Action:________

Explanation:________

**Allegation #3:** Date:________ Action:________

Explanation:________

**B. Provide the reasons the Respondent gave you for each action taken against you.**

**Allegation #1:** Ron deBoer told me that I was disloyal to the company (see letter)

**Allegation #2:**________

**Allegation #3:**________

**C. What did your race, color, national origin, religion, sex, age, or disability, have to do with the action taken against you?**

**Allegation #1:** My previous Supervisor told me that he was pressured to get rid of me and higher younger employee. He was also asked when I intended to retire, etc.

**Allegation #2:**________

**Allegation #3:**________

INTAKE QUESTIONNAIRE

Page Three

D. Provide the full name(s) of other employees in a same or similar position to you that were treated differently by the Respondent under similar conditions. (Example: John Smith - Black or White)

My duties and responsibilities were transfered to younger employees at the company.

IV. RETALIATION: If you complained to management in opposition of unlawful discriminatory practices, testified as a witness in a discrimination complaint, aided another employee in the preparation of a discrimination complaint, filed a charge and/or assisted in an employment discrimination investigation, and the Respondent took retaliatory action against, you provide the following:

Date(s) you participated in any of the above protected activity(ies):

Full name and position title of the person(s) you complained to:
(Example: John Smith, Supervisor, Black)

Date(s) and description(s) of retaliatory action taken against you:

INTAKE QUESTIONNAIRE

Page Four

V. If you have retained an attorney to represent you during investigation, please have him/her provide our office with a letter of representation.

VI. Please indicate if you have previously filed any complaint with any of the agencies listed below:

____ Texas Commission on Human Rights (TCHR)
____ Equal Employment Opportunity Commission (EEOC)
____ National Labor Relations Board (MLRB)
____ Office of Federal Contract Compliance Program (OFCCP)
____ Other Agency: (Give Name) ______________________

If so, identify the date(s) of filing: ______________________

Charge Number(s): ______________________

Indicate what resolution(s) was reached for each:

______________________

______________________

______________________

Signature [signature] Date 2-13-03

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: ☐ FEPA ☒ EEOC

CHARGE NUMBER: 310A301012

Texas Commission on Human Rights and EEOC

*State or local Agency, if any*

NAME *(Indicate Mr., Ms., Mrs.)*: Mr. Charles R. Acker

HOME TELEPHONE *(Include Area Code)*: (972) 279-1327

STREET ADDRESS / CITY, STATE AND ZIP CODE: 2200 Anders, Mesquite, TX 75150

DATE OF BIRTH: 07/09/1937

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME: DeBoer Truck Line

NUMBER OF EMPLOYEES, MEMBERS: Cat D (501 +)

TELEPHONE *(Include Area Code)*: (800) 333-1016

STREET ADDRESS / CITY, STATE AND ZIP CODE: P. O. Box 145, Blenker, WI 54415

COUNTY: 141

NAME:

TELEPHONE NUMBER *(Include Area Code)*:

STREET ADDRESS / CITY, STATE AND ZIP CODE:

COUNTY:

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* 12/06/2002 *LATEST* 12/06/2002
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I. Personal Harm:

On December 6, 2002, I was discharged.

II. Respondent's Reason For Adverse Action:

I was told by Ron deBoer, Owner/President that I was discharged because I was disloyal to the company.

III. Discrimination Statement:

I believe I have been discriminated against because of my age, 65, in violation of the Age Discrimination in Employment Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 2-18-03 [signature] Charging Party *(Signature)*

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

2-18-03 [signature]



RESPONDENT 12

ER000021

1223 T-3

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Texas Commission on Human Rights
6330 Highway 290 East, Suite 250
Austin, Texas 78723

DATE 02/18/2003

EEOC CHARGE 310A301012

FEPA CHARGE

RECEIVED
FEB 24 2003
TCHR

SUBJECT: CHARGE TRANSMITTAL

Acker, Charles R (Charging Party) v. DeBoer Truck Line (Respondent)

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC [ ] ______ (Name of FEPA) on 02/18/2003 (Date of Receipt)

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

[ ] EEOC requests a waiver
[ ] FEPA waives
[ ] No waiver requested
[ ] FEPA will investigate the charge initially

Please complete the bottom portion of this form to acknowledge receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.

| TYPED NAME OF EEOC OR FEPA DIRECTOR | SIGNATURE |
|---|---|
| Janet V. Elizondo | Becky Shepard / for |

Acker, Charles R (Charging Party) v. DeBoer Truck Line (Respondent)

To whom it may concern:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initally investigate the charge

[X] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this agency's intention to dismiss/close/not docket the charge for the following reason:

| TYPED NAME OF EEOC OR FEPA DIRECTOR | SIGNATURE |
|---|---|
| J.D. Powell | J.D. Powell |

TO: Dallas District Office
207 S. Houston St.

Dallas TX 75202

DATE 2/26/03

EEOC CHARGE 310A301012

FEPA CHARGE

EEOC FORM 212 (08/89)