IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
May 24, 2006

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| CHARLES REX ACKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action 3:04-cv-1327-R |
| | § | |
| DEBOER, INC. a/k/a | § | |
| DEBOER TRUCK LINES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Rex Acker, has sued his former employer, defendant deBoer, Inc. a/k/a deBoer Truck Lines ("deBoer"), for violating the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§621 *et seq.* (West 2005) and its state-law counterpart, the Texas Commission on Human Rights Act (the "TCHRA"), Tex. Labor Code §§21.001 *et seq.* (Vernon 1996 & Supp. 2005). On the eve of trial, deBoer has moved for leave to file a Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's TCHRA claim for failure to exhaust administrative remedies. (Dkt. No. 53). Plaintiff has expeditiously responded to defendant's alleged grounds for dismissal. Therefore, finding no prejudice caused by this last-minute filing, the Court hereby **GRANTS** deBoer's Motion for Leave to File its Partial Motion to Dismiss, but **DENIES** the Partial Motion to Dismiss for the reasons explained below.

### I. BACKGROUND

Acker was discharged from his position at deBoer on December 5, 2002. On February 13, 2003, he filed a charge of age discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). Acker's complaint was addressed to both the EEOC and the Texas

1

Commission on Human Rights ("TCHR"). (Def.'s App. 12-13). The complaint indicated that Acker wished for the Texas Commission on Human Rights to review his claim, in addition to the EEOC. (*Id.*). The EEOC issued Acker a right to sue notice on March 17, 2004; Acker timely filed this lawsuit within ninety days of that notice, on June 16, 2004.

Defendant has now moved to dismiss Acker's TCHRA claims for failure to exhaust administrative remedies because Acker neither received nor requested a right-to-sue notice from the Texas Commission on Human Rights. In response, Acker maintains that he properly exhausted his TCHRA claim because he filed a charge of discrimination with the EEOC, directed for his charge to be forwarded to the TCHR, and complied with all other statutory requirements for filing suit under the TCHRA.

## II. ANALYSIS

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573 (N.D.Tex. 2005) (citing, *inter alia*, *Thompson v. Goetzmann* 337 F.3d 489, 495 (5th Cir. 2003)). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle him or her to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571

(N.D.Tex. 1997). In ruling on a Rule 12(b)(6), "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). The court may, however, take judicial notice of documents in the public record and may consider them in ruling on the motion. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing *Lovelace*, 78 F.3d at 1017-18).

  **B.**  **Exhaustion of Administrative Remedies under the TCHRA**

Like the ADEA, the Texas Commission on Human Rights Act prohibits employment discrimination based on age. *See* Tex. Lab. Code §§ 21.051 & 21.055 (West 1996 & Supp.2005). The TCHRA established the Texas Commission on Human Rights ("TCHR") as the state "deferral agency" to investigate and resolve employment discrimination claims. *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991). In general, an aggrieved employee must exhaust his or her administrative remedies with the TCHR before filing suit under the TCHRA. *Id.* at 486. Texas courts are jurisdictionally barred from entertaining an unexhausted TCHRA claim. *Jones v. Grinnell Corp.*, 235 F.3d 972, 974-75 (5th Cir.2001).

There are several prerequisites to exhausting administrative remedies under the TCHRA. Generally, one must (1) file a sworn written complaint with the TCHR within 180 days of the alleged discriminatory act; (2) allow the TCHR 180 days to dismiss or resolve the complaint before filing suit; and (3) file suit no later than two years after filing the administrative complaint. *City of Houston v. Fletcher*, 63 S.W.3d 920, 923 (Tex.App.–Houston [14th Dist.] 2002, no pet.) (citing Tex. Lab.Code §§ 21.201-.202, .208, .256).

In cases like this one, where a claimant intends to sue an employer under the TCHRA and

a federal anti-discrimination statute, the aggrieved employee may satisfy the TCHRA's filing requirement by filing an charge of discrimination with the EEOC and indicating that he or she intends for the complaint to be dually-filed with the TCHR. *Vielma v. Eureka Co.*, 218 F.3d 458, 462-63 (5th Cir. 2000); *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex.App.–Waco 2004, pet. denied). This is because the EEOC and the TCHRA are parties to a worksharing agreement whereby each agency has designated the other to be an agent for the purpose of receiving complaints. *See Vielma*, 218 F.3d at 462. Consequently, an initial charge of discrimination filed with the EEOC will also be considered to be filed with the TCHR if so indicated. *Rice*, 131 S.W.3d at 513.

Once the TCHR receives a complaint of discrimination, the agency is required by statute to investigate the complaint and "determine if there is reasonable cause to believe that the respondent engaged in an unlawful employment practice." Tex. Lab. Code §21.204(a). If the TCHR determines that there is reasonable cause to believe that an unlawful employment practice occurred, the Labor Code requires the agency to issue a right-to-sue letter informing the employee that administrative remedies have been exhausted and that he or she may file suit under the TCHRA. Tex. Lab. Code §21.206.

If the TCHR dismisses or fails to resolve the complaint within 180 days of filing, the agency is required to inform the complainant in writing by certified mail. Tex. Lab. Code §21.208. The complainant may then request a right-to-sue notice and must file suit within 60 days of receiving such notice. *See* Tex. Lab. Code §§21.252, 21.254.

If the TCHR fails to resolve the complaint within 180 days, the complainant may nevertheless file suit despite the agency's inaction. The TCHRA expressly states that the TCHR's

4

"[f]ailure to issue the notice of a complainant's right to file a civil action *does not affect* the complainant's right...to bring a civil action..." Tex. Labor Code §21.252(d) (emphasis added). For that reason, several Texas courts have held that once the required 180 days have elapsed, the complainant does *not* have to show that the TCHR actually investigated his or her complaint in order to exhaust administrative remedies, even though the TCHR is explicitly required by statute to investigate a complaint of discrimination. *See Westbrook v. Water Valley Independent School Dist.*, 2006 WL 1194527 *3 (Tex.App.– Austin 2006, no pet. hist.) (citing, *inter alia*, *Burgmann Seals Am., Inc., v. Cadenhead*, 135 S.W.3d 854, 857-58 (Tex.App.– Houston [1st Dist.] 2004, pet. denied)). Those courts have held that where 180 days have elapsed without any action on the part of the TCHR, the claimant need not receive a right-to-sue letter or even request such a letter in order to file suit under the TCHRA as long as the other statutory requirements for exhaustion have been met. *See Westbrook*, 2006 WL 1194527 *3; *Rice*, 131 S.W.3d at 513; *Fletcher*, 63 S.W.3d at 922-23; *Wiltshire v. Humpal Physical Therapy, P.C.*, 2005 WL 2091092 *3-4 (Tex.App.– Corpus Christi 2005, no pet.) (unpublished); *Castillo v. Homan*, 2005 WL 2000675 *3 (S.D.Tex. 2005).

Defendant argues that Acker failed to exhaust his administrative remedies because he did not receive a right-to-sue letter on his TCHRA claim or even request such a letter after the 180-day investigatory period had lapsed. After reviewing Acker's complaint and the documents that he filed with the EEOC, the Court finds that Acker has exhausted his administrative remedies on his TCHRA claim. Acker was terminated in December 2002 and filed an EEOC complaint three months later in March 2002. In his EEOC complaint, Acker indicated that he wished for the TCHR to also review his claim. (Def.'s App. 12-13). He therefore filed a timely charge with the TCHR within 180 days of his termination. By filing suit on June 16, 2004 – less than two years but more than 180

5

days after filing his EEOC complaint – Acker complied with the remaining requirements for exhaustion. *See Fletcher*, 63 S.W.3d at 923.

Although Defendant correctly notes that Acker was *entitled* to request a right-to-sue letter at the time he filed suit, as indicated above, he was not required to do so in order to exhaust his TCHRA claim. As the court in *Fletcher* recognized, "[i]t is the [claimant's] *entitlement* to the right-to-sue letter that exhausts the complainant's administrative remedies," not his demand for such a letter. *Fletcher*, 63 S.W.3d at 923 (emphasis added); *see also*, *Castillo*, 2005 WL 2000675 *3. Accordingly, the Court finds that Acker's TCHRA claim is properly before the court and Defendant's motion to dismiss is denied.

### III. CONCLUSION

For the foregoing reasons, the Court enters the following rulings:

1. deBoer's Motion for Leave to File a Partial Motion to Dismiss is **GRANTED**; and

2. deBoer's Rule 12(b)(6) Partial Motion to Dismiss Acker's TCHRA claim for failure to exhaust administrative remedies is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED THIS 24 DAY OF May, 2006.**

*Jerry Buchmeyer*

**HON. JERRY BUCHMEYER**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**